UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - -  x
    :
WATCHTOWER BIBLE AND TRACT SOCIETY  :
OF NEW YORK, INC.,  :
    :
    :
    Plaintiff,  :
    :
    - against -  :
    :
    :
    :
THE INTERNATIONAL NICKEL COMPANY,  :
INC., INCO ALLOYS INTERNATIONAL, INC.,  :
HUNTINGTON ALLOYS, INC., HUNTINGTON  :
ALLOYS CORPORATION, SPECIAL METALS  :
CORPORATION, PRECISION CASTPARTS  :
CORP., VALE AMERICAS INC., INCO UNITED  :
STATES, INC., INTERNATIONAL NICKEL INC.,  :
VALE INCO AMERICAS INC. and VALE  :
CANADA LIMITED,  :
    :
    Defendants.  :
    :
    :
- - - - - - - - - - - - - - - - - - - - - - - - - - -  x

FILED
U.S. DISTRICT COURT

2015 JUN -4 PM 2:08

S.D. OF N.Y.W.P.

CV -- ---- (---) (---)

**COMPLAINT OF PLAINTIFF
WATCHTOWER BIBLE AND
TRACT SOCIETY OF NEW
YORK, INC.**

**JURY TRIAL DEMANDED**

**15 CV      4306**

**JUDGE SEIBEL**

Plaintiff Watchtower Bible and Tract Society of New York, Inc. ("Watchtower" or "Plaintiff"), by its undersigned attorneys, as and for its Complaint against defendants, The International Nickel Company, Inc., INCO Alloys International, Inc., Huntington Alloys, Inc., Huntington Alloys Corporation, Special Metals Corporation, Precision Castparts Corp., Vale Americas Inc., INCO United State, Inc., International Nickel Inc., Vale Inco Americas Inc., and Vale Canada Limited ("Defendants"), alleges as follows:

## NATURE OF THE ACTION

1.    This is a diversity action brought pursuant to the New York State Navigation Law and Federal and State common law for declaratory and equitable relief and monetary damages

incurred by Plaintiff in responding to contamination at Plaintiff's property located at 1 Kings Drive/Sterling Lake Road, Town of Warwick, County of Orange, New York.

2.     This is also a civil action brought pursuant to the Comprehensive Environmental response, Compensation and Liability Act of 1980, as amended, 42 U.S.C. §§ 9601-9675 ("CERCLA"), for declaratory and equitable relief and for monetary damages and response costs incurred by Plaintiff in responding to releases and threatened releases of hazardous substances into the environment at Plaintiff's property located at 1 Kings Drive/Sterling Lake Road, Town of Warwick, County of Orange, New York.

## JURISDICTION AND VENUE

3.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states and because the amount in controversy exceeds $75,000.

4.     This Court also has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 because this action arises under Section 113 of CERCLA, 42 U.S.C. § 9613 and Section 107 of CERCLA, 42 U.S.C. § 9607.

5.     This Court has supplemental jurisdiction over pendant state and common law claims pursuant to 28 U.S.C. § 1367.

6.     Plaintiff also seeks declaratory relief pursuant to the Federal and New York Declaratory Judgment Acts, 28 U.S.C. § 2201 et seq. and New York Civil Practice Law and Rules § 3001, and Section 113(g)(3) of CERCLA, 42 U.S.C. § 9613(g)(3).

7.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the real property that is the subject of this action is located in this District, the acts complained of occurred in this District, Plaintiff resides in this District, and pursuant to 42 U.S.C. § 9613(b) because the release/threatened release or damage occurred within this District.

## THE PARTIES

8.     Plaintiff is a corporation duly organized under the laws of the State of New York with a principal place of business in Brooklyn, New York.

9.     Upon information and belief, Defendant, The International Nickel Company, Inc., is or was during the relevant time period a corporation duly organized under the laws of the State of Delaware, and registered as a Foreign Business Corporation in New York State, with its principal place of business at 3200 Riverside Drive, Huntington, West Virginia.

10.     Upon information and belief, Defendant, INCO Alloys International, Inc., is or was during the relevant time period a corporation duly organized under the laws of the State of Delaware, and registered as a Foreign Business Corporation in New York State, with its principal place of business at 3200 Riverside Drive, Huntington, West Virginia.

11.     Upon information and belief, Defendant, Huntington Alloys, Inc., is or was during the relevant time period a corporation duly organized under the laws of the State of Delaware, and registered as a Foreign Business Corporation in New York State, with its principal place of business at 3200 Riverside Drive, Huntington, West Virginia.

12.     Upon information and belief, Defendant, Huntington Alloys Corporation, is or was during the relevant time period a corporation duly organized under the laws of the State of

3

Delaware, and registered as a Foreign Business Corporation in New York State, with its principal place of business at 3200 Riverside Drive, Huntington, West Virginia.

13.    Upon information and belief, Defendant, Special Metals Corporation, is or was during the relevant time period a corporation duly organized under the laws of the State of Delaware, and registered as a Foreign Business Corporation in New York State, with its principal place of business at 4650 SW Macadam Avenue, Portland, Oregon 97239.

14.    Upon information and belief, Defendant, Precision Castparts Corp., is or was during the relevant time period a corporation duly organized under the laws of the State of Oregon, with its principal place of business at 4650 SW Macadam Avenue, Suite 300, Portland, Oregon 97239.

15.    Upon information and belief, Defendant, Vale Americas Inc., is or was during the relevant time period a corporation duly organized under the laws of the State of Delaware, and registered as a Foreign Business Corporation in New York State, with its principal place of business at 250 Pehle Avenue, Suite 302, Saddle Brook, New Jersey 07663.

16.    Upon information and belief, Defendant, INCO United States, Inc., is or was during the relevant time period a corporation duly organized under the laws of the State of Delaware, and registered as a Foreign Business Corporation in New York State, with its principal place of business at 250 Pehle Avenue, Suite 302, Saddle Brook, New Jersey 07663.

17.    Upon information and belief, Defendant, International Nickel Inc., is or was during the relevant time period a corporation duly organized under the laws of the State of Delaware,

and registered as a Foreign Business Corporation in New York State, with its principal place of business at 250 Pehle Avenue, Suite 302, Saddle Brook, New Jersey 07663.

18.    Upon information and belief, Defendant, Vale Inco Americas Inc., is or was during the relevant time period a corporation duly organized under the laws of the State of Delaware, and registered as a Foreign Business Corporation in New York State, with its principal place of business at 250 Pehle Avenue, Suite 302, Saddle Brook, New Jersey 07663.

19.    Upon information and belief, Defendant, VALE Canada Limited, also known as Vale Canada Limitée, is or was during the relevant time period a corporation duly organized under the laws of the country of Canada, with its principal place of business at 200 Bay Street, Royal Bank Plaza, Suite 1600, South Tower, Box 70, Toronto ON M5J 2K2, Canada.

20.    Upon information and belief, Precision Castparts Corporation and Vale Canada Limited own or have an interest in all of the above named Defendants.

21.    Upon information and belief, Precision Castparts Corporations owns Special Metals Corporation.  Special Metals Corporation owns Huntington Alloys Corporation (Name filed on November 12, 2002) which has been formerly known as INCO Alloys International, Inc. (Name filed on May 14, 1984), Huntington Alloys, Inc. (Name filed on October 31, 1975), and The International Nickel Company, Inc. (Name filed on January 18, 1929).

22.    Upon information and belief, Vale Canada Limited owns Vale Americas Inc. (Name filed on September 1, 2010) which has formerly been known as Vale Inco Americas Inc. (Name filed on May 13, 2008), International Nickel Inc. (Name filed on July 16, 2004), and INCO United States, Inc. (Name filed on November 9, 1976).

## BACKGROUND

23.  Plaintiff is the owner of real property located at 1 Kings Drive/Sterling lake Road, Town of Warwick, County of Orange, New York (the "Property"). The Property encompasses an area of approximately 252 acres, along with various structures and other infrastructure. Plaintiff acquired the Property on or about July 17, 2009 from Warwick Academic Associates, LLC for development and use as Watchtower's principal headquarters.

24.  Upon information and belief, Defendants and/or their corporate predecessors in interest owned and/or operated the Property from approximately 1964 to 1987. Upon information and belief, during that time, Defendants and/or their corporate predecessors used the Property for research, development and foundry operations.

25.  Upon information and belief, in connection with their operations, Defendants and/or their corporate predecessors owned and operated a waste water treatment plant ("WWTP") on the Property to handle sanitary sewage, waste streams and chemical effluent from the research and development facility and foundry operations. The WWTP included various structures, piping, holding/settling tanks, and sand filter beds.

26.  Upon information and belief, in connection with their operations, Defendants and/or their corporate predecessors also owned and used underground storage tanks for the storage and use of petroleum, including diesel fuel and fuel oil.

27.  Upon information and belief, in connection with their operations in the foundry area, Defendants and/or their corporate predecessors also owned and used various vaults, pits, and machines containing oils and hazardous substances.

28.  Upon information and belief, Defendants and/or their corporate predecessors stored and used petroleum, as defined under the New York State Navigation Law on the Property.

29.  Upon information and belief, Defendants and/or their corporate predecessors stored and used hazardous substances, as defined under CERCLA on the Property.

30.  Upon information and belief, Defendants and/or their corporate predecessors discharged petroleum, including but not limited to cooling oils, transformer oils, hydraulic oils, and other oils, including oils containing PCBs and various metals (including nickel) to the WWTP and the soil and groundwater at the Property.

31.  Upon information and belief, Defendants and/or their corporate predecessors discharged petroleum, including diesel fuel and fuel oil from underground storage tanks to the soil and groundwater at the Property.

32.  Upon information and belief, Defendants and/or their corporate predecessors discharged petroleum, including hydraulic oil from old elevator shaft cylinders to the soil and groundwater at the Property.

33.  Upon information and belief, Defendants and/or their corporate predecessors discharged petroleum, including oils containing PCBs and metals, to foundry area vaults and pits, soil and groundwater at the Property.

34.  Upon information and belief, Defendants and/or their corporate predecessors discharged and released hazardous substances to the WWTP, foundry area vaults and pits, soil and groundwater at the Property.

35.   Plaintiff purchased the Property in 2009 and is the current owner of the Property. At no time has Plaintiff stored, used or discharged petroleum at the Property.

36.   The environment, including the soil and groundwater at the Property was contaminated as a result of petroleum discharges by Defendants and/or their corporate predecessors.

37.   The environment, including the soil and groundwater at the Property was contaminated as a result of hazardous substances released by Defendants and/or their corporate predecessors.

38.   At all times relevant hereto, Defendants and/or their corporate predecessors engaged in intentional and/or unintentional actions or omissions resulting in the releasing, spilling, leaking, pumping, pouring, emitting, emptying or dumping of petroleum into the waters of the state or onto lands from which it might flow or drain into said waters.

39.   At all times relevant hereto, Defendants and/or their corporate predecessors failed to respond to and take measures necessary to cleanup and remove its petroleum discharges and environmental contamination.

40.   At all times relevant hereto, Defendants and/or their corporate predecessors failed to respond to and take measures necessary to cleanup and remove its hazardous substances released and environmental contamination.

41.   On at least four separate occasions in 2012 and 2013, Plaintiff and/or its consultants notified the New York State Department of Environmental Conservation

("NYSDEC") of its discoveries of the contamination caused by Defendants' and/or their corporate predecessors' discharges and releases.

42.    Plaintiff has performed environmental investigations and removal and remediation actions under the direction of the NYSDEC and otherwise incurred damages as a result of Defendants' and/or their corporate predecessors' discharges of petroleum, including petroleum containing PCBs and metals at the Property, and the environmental contamination caused by Defendants and/or their corporate predecessors.

43.    Plaintiff has performed environmental investigations and removal and remediation actions under the direction of the NYSDEC and otherwise incurred response costs and damages as a result of Defendants' and/or their corporate predecessors' releases of hazardous substances, and the environmental contamination caused by Defendants and/or their corporate predecessors.

## FIRST COUNT
## NEW YORK STATE NAVIGATION LAW

44.    Plaintiff repeats and incorporates herein by reference the allegations of all of the foregoing paragraphs.

45.    Section 181(1) of the New York State Navigation Law ("Navigation Law") provides that any person who has discharged petroleum shall be strictly liable, without regard to fault, for all cleanup and removal costs, and for all direct and indirect damages, no matter by whom sustained.

46.    Section 181(5) of the Navigation Law provides that any claim by any injured person for the costs of cleanup and removal and direct and indirect damages based on the strict liability

imposed by Section 181 may be brought directly against the person who has discharged the petroleum.

47.   Defendants and/or their corporate predecessors are persons who discharged petroleum, including petroleum containing PCBs and metals at the Property, within the meaning of Section 181 of the Navigation Law.

48.   Plaintiff has incurred environmental investigation and removal and remediation costs, and direct and indirect damages, as a result of such discharges.

49.   Defendants and/or their corporate predecessors are strictly liable, without regard to fault, pursuant to Navigation Law Sections 181(1) and (5) for all environmental investigation and removal and remediation costs, and direct and indirect damages, incurred by Plaintiff in connection with the Property.

50.   Plaintiff is entitled to indemnification from Defendants and/or their corporate predecessors for the environmental investigation and removal and remediation costs, and direct and indirect damages, incurred by Plaintiff.

**SECOND COUNT**
**NEW YORK STATE NAVIGATION LAW**

51.   Plaintiff repeats and incorporates herein by reference the allegations of all of the foregoing paragraphs.

52.   Section 176(8) of the Navigation Law provides that every person providing cleanup or removal of a discharge of petroleum shall be entitled to contribution from any other responsible party.

53.   Defendants and/or their corporate predecessors are responsible parties with regard to the discharges of petroleum, including petroleum containing PCBs and metals, at the Property within the meaning of Section 176 of the Navigation Law.

54.   Plaintiff has incurred environmental investigation and removal and remediation costs, and direct and indirect damages, as a result of such discharges.

55.   Plaintiff is entitled to contribution and/or indemnification from Defendants and/or their corporate predecessors for the environmental investigation and removal and remediation costs, and direct and indirect damages, incurred by Plaintiff.

## THIRD COUNT
## COST RECOVERY PURSUANT TO CERCLA SECTION 107

56.   Plaintiff repeats and incorporates herein by reference the allegations of all of the foregoing paragraphs.

57.   Defendants and/or their corporate predecessors are liable to Plaintiff under CERCLA § 107(a), 42 U.S.C. § 9607(a).

58.   Section 107 (a)(1) of CERCLA, 42 U.S.C. § 9607(a)(1), provides that "the owner or operator of a vessel or facility" shall be liable as a "covered person" for "any other necessary costs of response by any other person consistent with the national contingency plan" and "damages for injury to, destruction of, or loss of natural resources, including the reasonable costs of assessing such injury, destruction, or loss resulting from such a release."

59.   Section 107(a)(2) of CERCLA, 42 U.S.C. § 9607(a)(2), provides, in pertinent part, that "any person who at the time of disposal of any hazardous substance owned or operated any

facility at which such hazardous substances were disposed of" shall be liable as a "covered person" for "any other necessary costs of response incurred by any other person consistent with the national contingency plan" and "damages for injury to, destruction of, or loss of natural resources, including the reasonable costs of assessing such injury, destruction, or loss resulting from such a release."

60.    Section 107(a)(3) of CERCLA, 42 U.S.C. § 9607(a)(3), provides, in pertinent part, that any "person who . . . otherwise arranged for disposal . . . of hazardous substances . . ." shall be liable as a "covered person" for "any other necessary costs of response by any other person consistent with the national contingency plan" and "damages for injury to, destruction of, or loss of natural resources, including the reasonable costs of assessing such injury, destruction, or loss resulting from such a release."

61.    Defendants and/or their corporate predecessors have not resolved their liability in an administrative or judicially approved settlement with the United States or a State for purposes of contribution protection under CERCLA § 113(f)(2).

62.    The Property is a "facility" within the meaning of CERCLA, Section 101(9), 42 U.S.C. § 9601(9).

63.    The WWTP and the foundry area vaults and pits are "facilities" within the meaning of CERCLA, Section 101(9), 42 U.S.C. § 9601(9).

64.    There have been releases and/or threatened releases of hazardous substances at and from the Property within the meaning of Sections 101(22) and 107(a) of CERCLA, 42 U.S.C. §§ 9601(22) and 9607(a).

65.    Defendants and/or their corporate predecessors are "persons" within the meaning of Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

66.    Defendants and/or their corporate predecessors generated, disposed of and/or arranged for the disposal of hazardous substances and/or wastes at the Property that were, or contained, hazardous substances within the meaning of Section 101(14) of CERCLA, 42 U.S.C. § 9601(14) at and from the Site.

67.    Defendants and/or their corporate predecessors owned or operated the Property at a time when hazardous substances were disposed of at and from that facility.

68.    Defendants and/or their corporate predecessors operated the WWTP and the foundry area vaults and pits at a time when hazardous substances were disposed of at and from those facilities.

69.    Under the NYSDEC's supervision, Plaintiff has taken response actions at the Property and has incurred necessary response costs consistent with the National Contingency Plan.

70.    Defendants and/or their corporate predecessors are liable, pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a) for all response costs of Plaintiff in connection with the Property.

## FOURTH COUNT
## EQUITABLE INDEMNITY

71.    Plaintiff repeats and incorporates herein by reference the allegations of all of the foregoing paragraphs.

72.   Defendants and/or their corporate predecessors are liable to Plaintiff for all environmental investigation and removal and remediation costs, and all other damages, expenses and costs incurred by Plaintiff as the direct and proximate result of the Defendants and/or their corporate predecessors' contamination at the Property.

73.   Wherefore, Plaintiff is entitled to indemnification from Defendants and/or their corporate predecessors.

## FIFTH COUNT
## COMMON LAW AND STATUTORY CONTRIBUTION

74.   Plaintiff repeats and incorporates herein by reference the allegations of all of the foregoing paragraphs.

75.   The conduct of Defendants and/or their corporate predecessors, in whole or in part, caused the damages incurred by Plaintiff as alleged in the Complaint.

76.   As a result of the aforementioned conduct by Defendants and/or their corporate predecessors, Plaintiff has incurred damages in the form of environmental and cleanup costs, and other damages, as set forth in the Complaint.

77.   Defendants and/or their corporate predecessors are joint tortfeasors, and Plaintiff is therefore entitled to contribution from Defendants and/or their corporate predecessors under the common law and pursuant to New York CPLR 1401, et seq.

78.   Defendants and/or their corporate predecessors are obligated under the common law of the United States and the State of New York to provide contribution to Plaintiff for any damages incurred as a result of their conduct.

## SIXTH COUNT
## UNJUST ENRICHMENT/RESTITUTION

79.  Plaintiff repeats and incorporates herein by reference the allegations of all of the foregoing paragraphs.

80.  Defendants and/or their corporate predecessors had and continue to have duties and obligations to investigate, remediate and abate their discharges, releases, and contamination of and at the Property.

81.  Defendants and/or their corporate predecessors have failed and continue to fail to perform their duties or to satisfy their obligations, which have been performed and satisfied by Plaintiff.

82.  Defendants and/or their corporate predecessors have been and continue to be unjustly enriched by Plaintiff's performance of Defendants' and/or their corporate predecessors' duties and satisfaction of their obligations, and by Plaintiff incurring environmental investigation and removal and remediation costs and damages, owed and owing by Defendants and/or their corporate predecessors.

## SEVENTH COUNT
## DECLARATORY JUDGMENT

83.  Plaintiff repeats and incorporates herein by reference the allegations of all of the foregoing paragraphs.

84.  The declaratory judgment statute, 28 U.S.C. §§ 2201-02, provides that the Court may declare the rights and other legal relations of any interested party seeking such a declaration.

85.   Section 113(g)(3) of CERCLA, 42 U.S.C. § 9613(g)(3), provides that in an action under Section 107 of CERCLA, 42 U.S.C. § 9607, the Court shall enter a declaratory judgment on liability for response costs.

86.   Plaintiff is entitled to a judgment declaring that Defendants and/or their corporate predecessors are liable for the environmental investigation and removal and remediation costs, response costs, and damages incurred by Plaintiff.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants and/or their corporate predecessors:

(a)   Declaring Defendants and/or their corporate predecessors jointly and severally liable under Section 181 and Section 176 of the Navigation Law for any environmental investigation, cleanup, removal, and remediation costs, direct and indirect damages, attorneys' fees, and expenses incurred by Plaintiff in connection with the Property;

(b)   Awarding to Plaintiff its environmental investigation, cleanup, removal, and remediation costs, direct and indirect damages, attorneys' fees, and expenses under the Navigation Law in connection with the Property in an amount to be determined upon trial;

(c)   Declaring Defendants and/or their corporate predecessors liable pursuant to Section 107(a) of CERCLA for any response costs or damages incurred by Plaintiff in connection with the Property;

(d)   Awarding Plaintiff its response costs from Defendants and/or their corporate predecessors pursuant to Section 107(a) of CERCLA in connection with the Property;

(e)     Declaring Defendants and/or their corporate predecessors liable under equitable indemnification for any costs, expenses and damages incurred by Plaintiff in connection with the Property;

(f)     Awarding indemnification to Plaintiff for its costs, expenses and damages in connection with the Property in an amount to be determined upon trial;

(g)     Declaring Defendants and/or their corporate predecessors jointly and severally liable under common law and statutory contribution for any costs, expenses and damages incurred by Plaintiff in connection with the Property;

(h)     Awarding contribution to Plaintiff for its costs, expenses and damages incurred by Plaintiff in connection with the Property in an amount to be determined upon trial;

(i)     Declaring Defendants and/or their corporate predecessors jointly and severally liable for restitution and unjust enrichment for any costs, expenses and damages incurred by Plaintiff in connection with the Property;

(j)     Awarding restitution to Plaintiff for its costs, expenses and damages incurred by Plaintiff in connection with the Property in an amount to be determined upon trial;

(k)     Awarding damages for each cause of action in the Complaint in excess of $75,000.00 to be determined at trial; and

(l)     Awarding to Plaintiff its costs and attorneys' fees, and such other and further relief that the Court deems appropriate.

DATED:        June 4, 2015
              Albany, New York

Respectfully submitted,

By: _____
    Michael W. Peters (MP 6012)
    Stockli Slevin & Peters, LLP
    *Attorneys for Plaintiff*
    1826 Western Avenue
    Albany, NY  12203
    (518) 449-3125
    mpeters@ssp-legal.com