## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

WATCHTOWER BIBLE AND TRACT SOCIETY )
OF NEW YORK, INC., )
)
Plaintiff, )
)
v. ) Case No. 15 cv 4306 (cs)
)
THE INTERNATIONAL NICKEL COMPANY, )
INC., INCO ALLOYS INTERNATIONAL, INC., )
HUNTINGTON ALLOYS, INC., HUNTINGTON )
ALLOYS CORPORATION, SPECIAL METALS )
CORPORATION, PRECISION CASTPARTS )
CORP., VALE AMERICAS INC., INCO UNITED )
STATES, INC., INTERNATIONAL NICKEL INC., )
VALE INCO AMERICAS INC. and VALE )
CANADA LIMITED, )
)
Defendants. )



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/17/2016

### Partial
### STIPULATED DISMISSAL WITHOUT PREJUDICE OF
### DEFENDANT PRECISION CASTPARTS CORP.

Pursuant to Federal Rules of Civil Procedure 41(a)(1)(A)(ii) and 41(c), the parties that have appeared in the above-captioned action hereby stipulate to the dismissal without prejudice of Defendant Precision Castparts Corp. upon the following terms and conditions:

1. Based upon the representations made in the Declaration of Chad Seber in Support of Dismissal of Precision Castparts Corp. dated April 26, 2016, 2016 (the "Seber Declaration"), Plaintiff hereby voluntarily dismisses without prejudice its Complaint as against Precision Castparts, Corp., and any co-Defendants that have asserted Cross-claims (the "Cross-claimants") against Precision Castparts, Corp. hereby

{112800877.1}

voluntarily dismiss without prejudice those Cross-claims as against Precision Castparts, Corp.

2. Plaintiff and the Cross-claimants reserve their rights to reassert claims against Precision Castparts, Corp. should Plaintiff or Cross-Claimants discover any information that they believe to be in conflict with the representations set forth in the Seber Declaration or that otherwise may establish personal jurisdiction over Precision Castparts, Corp.

3. Without waiving any objections available to it under the Federal Rules of Civil Procedure or otherwise, Precision Castparts, Corp. agrees to produce in the above-captioned action any documents within its possession, custody or control that are responsive to a document request served on, or other document production obligation of, Defendant Special Metals Corporation without the need for a subpoena pursuant to Rule 45.

4. Should Precision Castparts, Corp. be reinstated in the above-captioned action, the undersigned parties agree that the statute of limitations is tolled between the date of the filing of the initial Complaint on June 4, 2015 and the date of such reinstatement.

5. Should Precision Castparts, Corp. be reinstated in the above-captioned action, it reserves its right to assert any and all defenses, and to seek leave to file any appropriate motions, including but not limited to those based on personal jurisdiction. Precision Castparts, Corp. further reserves its right, should it be reinstated, to assert Counterclaims against Plaintiff and/or Cross-claims against any co-Defendant(s).

6. Each party shall bear its own fees and costs.

Dated: May \_11\_, 2016

                     _____
                     Michael W. Peters, Esq.
                     Scott Lukowski, Esq.
                     STOCKLI, SLEVIN & PETERS, LLP
                     *Counsel for Plaintiff Watchtower Bible and Tract*
                     *Society of New York, Inc.*

                     _____
                     Doreen A. Simmons, Esq.
                     HANCOCK ESTABROOK, LLP
                     *Counsel for Defendants Inco Alloys International,*
                     *Inc.; Huntington Alloys Corporation; Special*
                     *Metals Corporation; and Precision Castparts Corp.*

                     _____
                     Daniel M. Krainin, Esq.
                     BEVERIDGE & DIAMOND, P.C.
                     *Counsel for Defendants and Vale Americas Inc.*
                     *(formerly known as Inco United States, Inc.;*
                     *International Nickel Inc.; and Vale Inco Americas*
                     *Inc.)*

So Ordered.

Dated: May 17, 2016

                     _____
                     Hon. Cathy Seibel, U.S.D.J.

{H2800877.1}

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WATCHTOWER BIBLE AND TRACT SOCIETY ON NEW YORK, INC.,<br><br>Plaintiff,<br><br>v.<br><br>THE INTERNATIONAL NICKEL COMPANY, INC., INCO ALLOYS INTERNATIONAL, INC., HUNTINGTON ALLOYS, INC., HUNTINGTON ALLOYS CORPORATION, SPECIAL METALS CORPORATION, PRECISION CASTPARTS CORP., VALE AMERICAS INC., INCO UNITED STATES, INC., INTERNATIONAL NICKEL INC., VALE INCO AMERICAS INC. and PCC,<br><br>Defendants. | Case No. 15 cv 4306 |

**DECLARATION OF CHAD SEBER IN SUPPORT OF**
**DISMISSAL WITHOUT PREJUDICE OF PRECISION CASTPARTS CORP.**

I, Chad Seber, hereby declare:

1. I am Senior Litigation Counsel of Precision Castparts Corp. ("PCC"). I am authorized to make this declaration on behalf of PCC.

2. The facts set forth in this Declaration are based on my personal knowledge or on documents or information maintained by PCC in the ordinary course of business.

3. PCC is incorporated under the laws of the State of Delaware.

4. PCC's principal place of business is Portland, Oregon.

5. PCC does not own property in the State of New York.

6. PCC does not transact business or contracts to supply goods or services in the State of New York.

7. PCC has never owned or operated any of the tax parcels that comprise the property located at 1 Kings Drive/Sterling Lake Road, Town of Warwick, County of Orange, New York (hereinafter, the "Property"), which is at issue in the above action.

8. PCC is not the successor, heir or assign of any entity that has ever owned or operated the Property.

9. PCC has not assumed the environmental liabilities, to the extent any exist, of its subsidiary Special Metals Corporation ("SMC"), or the predecessor companies of SMC.

Under penalty of perjury, I declare the foregoing to be true and correct to the best of my knowledge, information and belief.

Dated: April 26, 2016

Chad Seber